**IN THE UNITED STATES BANKRUPCTY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO. 99-99999** |
| **ELIZABETH   THOMAS** | **CHAPTER 7** |
| *Debtor* | |
| **ROBERT L.THOMAS**  *et al.,*<br>        **Plaintiffs**<br>**Vs.**<br><br>**ELIZABETH THOMAS** *et, al,*<br>        **Defendants** | **ADVERSARY NO. 22-3024** |

**PLAINTIFFS MOTION FOR RECONSIDERATION**

Pursuant to Federal Rules of Civil Procedure Rule 59(e), the Plaintiffs Robert L. Thomas and James Allen file this joint Motion for Reconsideration seeking the court to modify and/or alter its May 6, 2024 order [Doc. 46[, due to Attorney Colleen M. McClure dishonesty and lack of service upon the Plaintiffs and for cause shows the court has follows:

**I.        Grounds for Reconsideration**

On or about May 10, 2024, I Robert L. Thomas received in the mail from Attorney McClure a copy of order signed by this court granting her motion to withdraw as counsel.  [Doc. 46].  Plaintiffs Robert L. Thomas and James Allen (the "Plaintiffs"), seeks the court to modify the order on the grounds that the order was procured through misconduct of Attorney McClure making false and misleading statements as to the reason pleaded in Motion to withdraw for "good cause" contains false or misleading

statement for which the bankruptcy court relied upon in signing the order at issue. Secondly the order was procured in violation of the Plaintiffs due process rights to be heard.

**A. Lack of Service and Notice of a Deadline**

When McClure pleaded that she delivered to James Allen a copy of the Court's April 10, 2024, Order and her Motion to Withdraw at 2564 Andover Dr, Doraville, Georgia 30360, she knew that is was false or misleading statement as Mr. Allen was never delivered anything from McClure at said address. Also when McClure advised the Court that she notified James Allen through email at jamesthegreat74@gmail.com she knew that Mr. Allen whom is over 70 years old has a Safe-Link Phone that does provide internet service as Mr. Allen does not have access to the internet and had advised McClure of such two (2) years ago that the internet is not a good form of communication.

When McClure pleaded that a copy of the Court's April 10, 2024, Order and her Motion to Withdraw, was served on Robert L. Thomas at his address 3337 Cypress Creek Parkway Suite A,  Houston Texas 77068,  she knew that is was false or misleading statement as Mr. Thomas  never received anything from McClure at said address. Additionally when McClure advised the Court that she had notified Robert L. Thomas at his email address robertt9thomas@yahoo.com, knew that this was a false and misleading statement as Mr. Thomas has not been able to locate this purported email.

The Plaintiff's were never provided with effective notice of McClure Motion to Withdraw with a responsive date of April 10, 2024, as such the order was entered in

violation of the Plaintiffs due process rights and an opportunity to be heard.  Plaintiffs also argue that this denial of their due process and loss of opportunity to be heard is due to McClure misconduct in making false and misleading statements before the Courts its normal way in which McClure practices.

B.  **Misconduct of McClure making false or misleading statements _to the Court_.**

Secondly, McClure misrepresented to this Court that "goof cause" exist for withdrawal as counsel in this case, when fact her withdrawal is at the Defendants request du to her misconduct.  As to Robert L. Thomas, this is the only civil lawsuit that Mr. Thomas has ever filed in his whole and retained Attorney Colleen M. McClure to represent him.  While this is James Allen has retained McClure to represent him in three other cases.  However both Thomas and Allen has since learned that McClure has filed other lawsuits and Notice of Removals in their names without their knowledge or consent that has caused them both harm

Presently pending before the Honorable Judge Alfred H. Bennett is 60(b) Motion for Relief Final Judgment and Motion for Sanctions against Attorney McClure filed by Thomas in the case styled as _Primary Residential Mortgage et al vs. James Allen et al_., cause No. 19-cv-00**323**.  On December 31, 2018, _Primary Residential Mortgage et al_ had filed an Anti-Injunction lawsuit for which neither Thomas nor Allen had ever been served with process of service with a citation of petition as such lacked any knowledge of this lawsuit existence   On or about January 19, 2019, McClure, filed a Notice of Removal removing _Primary Residential Mortgage et al_ from the 13th District court to Federal Court and named Thomas and Allen as the plaintiffs and herself as their counsel of record

without their knowledge or consent. On February 24, 2024, McClure  added the Plaintiff Thomas  to a "Quiet Tile" lawsuit without his knowledge or consent in the case styled as *James Allen and Allan Haye vs. PCF Properties in Texas LLC, vs. Elizabeth Thomas and James M. Andersen* the 80th District Court, Harris County, Texas under cause No. 2020-35780.  Thomas does not even have any title or interest in any property.

   Who hires a lawyer to file or add their name as a Plaintiff to a "Quiet Title Action" when they have absolutely no title or interest in the property. Attorney McClure represented the Mr. Thomas in this quiet title action without his knowledge or consent. Attorney McClure continued to represent the Mr. Thomas without his knowledge or consent by filing an  Notice of Appeal  in his name in the First Court of Appeals in the case entitled Elizabeth Thomas, James  Allen Allan Haye, Robert L. Thomas and James Andersen vs. PCF Properties in Texas LLC., cause No. 01-23-00331-CV,Appealing the April 19, 2023 judgment for which the Plaintiffs Thomas is being subject due to McClure unauthorized representation

   The Plaintiffs presently have a Motion for Sanctions' pending before the Honorable Judge David Hitter U.S.D.J., in the case styled as *Primary Residential Mortgage et al vs. James Allen et al.*, Case No. 19, 00559, where McClure filed a Notice of Removal removing *Primary Residential Mortgage et al* from the 127th District court to Federal Court and named Thomas and Allen as the plaintiffs and herself as their counsel of record without their knowledge or consent.

2. **Making False or Misleading Misrepresentations Statements before the Courts is the Normal Manner in which McClure Practices including Representing Individuals without their _Knowledge_ or _Consent_.**

On March 22, 2022, , Honorable Judge Marvin Isgur U.S.B.J., held a hearing in this

case styled as **Robert L. Thomas et al vs. Elizabeth Thomas et a**l, under case No. 2018

14171,.  McClure has made false and misleading before this court as well just as in other

courts when responding *__no__* to the court on March 22, 2022 when asked if she was ever

Elizabeth Thomas lawyer.   When in fact McClure has been representing Ms. Thomas since the

year of 2017, most of the time without her knowledge or consent and while suing her at the same

some relevant portions of the hearing are reduced below in pertinent part:

**THE COURT**:  I have two other issues I want to address from Ms. McClure, I understand from a pleading that you have also represented Ms. Thomas, and I want to know how you can be adverse to her in this case?

You've never been her lawyer?

**MS. MCCLURE**:  No, Your Honor. Keith Anderson has always been her lawyer.

**THE COURT**:  You've never been her lawyer?

**MS. MCCLURE**:  No. I have not, Your Honor.

**THE COURT**:  Okay. Have you had any correspondence with her in the last year?

**MS. MCCLURE**:  Outside of the pleadings that have been filed in the cases and in the bankruptcy because I have talked to her Trustee and her attorney.

**THE COURT**:  But her? Have you talked to her?

**MS. MCCLURE**:  Not personally, Your Honor,

*See*: **Exhibit**  11  pg. 14.

## ARGUMENT AND AUTHORIES

The Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy

Procedure do not specifically provide for motions for reconsideration. *See Shepherd v. Int'l*

*Paper Co.,* 372 F.3d 326, 328 n.1 (5th Cir. 2004) ("While the Federal Rules of Civil

Procedure do not provide for a motion for reconsideration, such a motion may be

considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order.") (citing *Hamilton Plaintiffs v. Williams Plaintiffs,* <u>147 F.3d 367, 371</u> n.10 (5th Cir.1998)). A motion to alter or amend, or for reconsideration, may be made under either <u>Fed. R. Civ. P. 59(e)</u> or 60(b), applicable to bankruptcy proceedings under <u>Fed. R. Bankr. P. 9023</u> and 9024. *Id.* If a motion for reconsideration is filed within fourteen days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id.*

Plaintiff's motion is not attacking the substance of the bankruptcy court's resolution of McClure Motion to withdraw as counsel. Instead Plaintiffs are attacking the defect in the integrity of proceedings. The defect of proceedings is that McClure made false and misleading statement to the court in order to induce the court to sign a order containing false and misleading statement and denied the Plaintiff their due process of notice and an opportunity to be heard. . Courts will often find this an "extraordinary circumstances" necessary to invoke 60(b)(6). The rationale behind amending or modifying the order is because of the unfair means by which the order was procured. The proceedings was heard and resolved without the Plaintiffs s knowledge— if a case is in fact heard without the litigant' knowledge, doing anything else would deny the litigants their right to procedural due process and due process rights. Rule 59(e), and/or Rule 60(b provides that a court many alter or amend, its order under a motion for reconsideration, made under either <u>Fed. R. Civ. P. 59(e)</u> or 60(b)

**CONCLUSION**

**WHEREFORE**, for all the reason the Plaintiffs moves the Court for Reconsideration and to modify its  May 6, 2024, order and for such further relief that Court deems just.

Respectfully submitted

/s/*Robert L. Thomas*
Robert L. Thomas **Pro, Se**
3337 Cypress Creek Parkway
 Houston Tx. 77070
 Robert9Thomas@yahoo.com

/s/*James Allen*
James  Allen Pro, Se
 256 Andover Dr.
 Atlanta, GA 30360

**CERTIFICATE OF SERVICE**

I certify that on May 19, 2024, the foregoing document was served on the following counsel of record by First Class U.S. Mail, and he Court's CM/ECF system, as follows:

Colleen M. McClure
6046 FM 2920 Suite 425
Spring Tx 77379

/s/*Robert L. Thomas*