UNITED STATES BANKRUPCTY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re: ELIZABETH THOMAS § § § JAMES ALLEN AND ROBERT L THOMAS § Plaintiffs § vs § McCARTHY & HOLTHUS LLP, § ON BEHALF OF FLAGSTONE LENDING § GROUP A NON-EXISTENT A UTAH § CORPORATION, AND § § SUCCESSOR/ASSIGNEE J.P. MORGAN § CHASE BANK N.A. and ELIZABETH § THOMAS § Defendants § _____ § § PRIMARY RESIDENTIAL MORTGAGE INC. § Intervenor/Defendant § vs. § ELIZABETH THOMAS § Defendant § | Adversary Cause No. 22 AP  03024 Debtor |

## RESPONSE TO MOTION TO RECONSIDER

**TO THE HONORABLE COURT**:

**COMES NOW** Colleen M. McClure, former attorney for Defendant Robert Thomas and James Allen, having withdrawn from representation of Robert Thomas and James Allen on all cases by consolidated cases 2016-87941, 2017-76078, 2017-82388 and 2018-91506 and currently pending in Harris County District Court into the 333rd District Court and the above entitled and numbered cause and herein files this her response to the Motion to Reconsider the Order for Withdrawal  as follows:

I. BACKGROUND

1. Counsel withdrew from representing James Allen and Robert Thomas on all pending cases in Harris County, Texas in November 2023. (See Exhibit "C")

2. After the withdrawal in Harris County, Elizabeth Thomas filed almost the same objection in Cause No. 2017-76078 James Allen vs. MTH Lending Group, LLC and a response was filed. (See Exhibit "D") Elizabeth Thomas cannot move forward in Harris County without permission from the Administrative Judge to file pleadings. [Vexatious Litigant Order Docket 52] So this is filed in this court to skirt the Harris County Orders.

3. Elizabeth Thomas and Robert Thomas were evicted from the property located at 8202 Terra Valley Lane, Tomball, Texas 77375 under court order in cause number 2020-35780, Elizabeth Thomas vs. PCF Properties in TX LLC, Harris County, Texas at some time in the fall of 2023. It was after that eviction that multiple petitions for injunctions were filed to stop the possession of the home by various people. There was no known residential address listed for the parties. Robert Thomas has a business that is located at 3337 Cypress Creek Parkway, Suite A, Houston, Texas 77068. (See Exhibit G) All mail has been sent to this address and none has been returned or refused. The notice was filed with the Court [Docket 43] of the service to Robert Thomas at the address of his business "District Market" that was received on April 16, 2024, at 12:02 p.m. (See Exhibit H) Further, the email address for Robert Thomas is robert9thomas@yahoo.com. All emails are received by him at that address. (See Exhibit A) Movant has the wrong email address, robertt9thomas@yahoo.com in the motion and is not the email address that has

been used and in fact Mr. Thomas used as recently as July 24, 2023, that counsel is aware of. (See Exhibit A)

4. The last known address for James Allen was 2564 Andover Drive, Doravilla, Georgia 30360. Almost the same address is being used in the current pleadings. The attached documents were sent to him via tracking number 1ZW699F70380877512 [Docket 43] but refused by him. (See Exhibit B). All previous motions have been sent and delivered to this address, but now it is being refused.

## II. OBJECTION TO TIMELINESS OF MOTION FOR SANCTIONS

5. As to the timeliness of a Rule 11 motion, the Eleventh Circuit has analyzed Rule 9011 of the Federal Rules of Bankruptcy Procedure, which is "substantially identical" to Rule 11, and "agree[d] with the Second, Fourth, and Sixth Circuits that the service *and filing* of a motion for sanctions must occur prior to final judgment or judicial rejection of the offending motion." In re Walker, 532 F.3d 1304, 1309 (11th Cir. 2008)(emphasis added)(quotation and citation omitted). This case was dismissed and closed on May 17, 2024 [Docket 48] and the motion is not timely filed. Counsel herein objects to the timeliness of the filing of this motion.

## III. ARGUMENT

Counsel has properly served all parties at all known addresses. Robert Thomas was using the email address listed as recently as 2023. (See Exhibit A) Counsel had not had contact with the parties since July 2023. The parties did receive the pleadings and did acknowledge them in this motion.

There have been so many addresses listed for the parties that it is unclear which are the current and good addresses for the parties. Counsel can only send the addresses that she is aware of as being good addresses. It is apparent from the filings that the parties knew of the withdrawal. Further, the parties do not oppose the withdrawal, but are seeking to punish counsel for withdrawing from representation.

Elizabeth Thomas has stated in the motion to reconsider that counsel filed a removal without the consent nor knowledge of Robert Thomas nor James Allen and is pending in cause No. 19-cv-00323 Primary Residential Mortgage et al vs. James Allen et al. What movants don't inform this court of is that in that case Robert Thomas and Elizabeth Thomas personally signed declarations under docket number 19-2 and 19-3 which clearly acknowledge the removal. (See Exhibit E)

The second case that Elizabeth Thomas refers to under cause No. 19, 00559 Primary Residential Mortgage et al vs. James Allen et al. which is the second removal of the same case mentioned in cause No. 19-cv-00323 Primary Residential Mortgage et al vs. James Allen et al. The Honorable Judge Hittner has already denied that case and issued a warning against the moving parties. (See Exhibit I)

James Allen and Robert Thomas are claiming that Robert Thomas was not aware of the Appeal filed under cause No. 01- 23-00331-CV. Robert Thomas and James Allen were involved in the entire proceeding, as is evidenced by the affidavit filed in the lower court cause number 2020-35780, wherein Robert Thomas signed an affidavit in that case which was filed with the court on March 15, 2023. (See Exhibit J) Counsel had authority to file all documents and Robert Thomas was consulted with during the course of the proceedings.

In the pleading it states clearly that James Allen does not have access to the internet Elizabeth Thomas and Robert Thomas are attempting to undue their actions throughout all of the pleadings in Harris County, Texas in which the property located at 8202 Terra Valley Lane, Tomball, Texas 77375. If they blame counsel and get a finding that somehow they did not know of the filings then they can undo the orders and get the home back. Elizabeth Thomas has been threatening counsel since she notified Robert Thomas and James Allen of her withdrawal from representation. (See Exhibit F)

     As to the testimony, it was the truth. Counsel has not represented Elizabeth Thomas, only James Andersen has represented her. (See Exhibit C and L) The acknowledgement between James Andersen and Colleen McClure was finally signed in 2019 when it was realized that there were pleadings where James Andersen's name was inadvertently left off the pleadings. Additionally, in the transcript provided, Elizabeth Thomas sat through the entire proceeding and testified. At no time did she object to the testimony, nor did she say that Colleen McClure was her attorney. Elizabeth Thomas listened to the statements made by counsel and agreed with the same. When Elizabeth Thomas was added as a party in the lower case, there were other parties in the case. The motion for summary judgment was filed on November 30, 2018, there were multiple attorney's and parties to the case. Elizabeth Thomas was added to the case as the issues presented in the foreclosure pertained to documents that only Elizabeth Thomas had in her possession. Those documents were received through the motion for summary judgment Elizabeth Thomas filed. Counsel has never had any of those documents in her possession. Counsel followed the requests of her clients in not responding. The other

parties to the case could have opposed the motion for summary judgment or even filed an answer, but they did not. A continuance of the submission date was requested but no answer filed. (See Exhibit K) There was no concealment nor ill motive on the part of counsel. Counsel has never represented Elizabeth Thomas and after the repeated threatening emails that she has sent counsel from claiming she was having an affair with a potential client, colluding with opposing counsel John Burger, to threatening with disbarment, call news authorities, specifically FOX News and have a report made, there would never be a feasible attorney/client relationship. (See Exhibit F)

## II.     PRAYER

WHEREFORE, Colleen M. McClure prays that the Court deny Robert Thomas and James Allen's Motion to Reconsider, sustain the objection to the timeliness of the filing of the motion and deny his Motion for Sanctions within the motion, and for whatever further the court deems just and proper in the premises.

Respectfully submitted,

**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**

By: /s/ Colleen M. McClure
**COLLEEN M. MCCLURE**
Texas Bar No. 24012121
6046 FM 2920, #425
Spring, Texas, 77379
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing Response to Motion to Reconsider has been sent to Robert Thomas and James Allen via tracking mail and to all other parties via eservice on June 26, 2024.

      */s/ Colleen M. McClure*
      **COLLEEN M. MCCLURE**