UNITED STATES BANKRUPCTY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: ELIZABETH THOMAS | § | |
| | § | |
| | § | |
| JAMES ALLEN AND ROBERT L THOMAS | § | |
| Plaintiffs | § | |
| vs | § | |
| McCARTHY & HOLTHUS LLP, | § | |
| ON BEHALF OF FLAGSTONE LENDING | § | |
| GROUP A NON-EXISTENT A UTAH | § | |
| CORPORATION, AND | § | Adversary Cause No. 22 AP 03024 Debtor |
| | § | |
| SUCCESSOR/ASSIGNEE J.P. MORGAN | § | |
| CHASE BANK N.A. and ELIZABETH | § | |
| THOMAS | § | |
| Defendants | § | |
| _____ | § | |
| | § | |
| PRIMARY RESIDENTIAL MORTGAGE INC. | § | |
| Intervenor/Defendant | § | |
| vs. | § | |
| ELIZABETH THOMAS | § | |
| Defendant | § | |

RESPONSE TO MOTION FOR SANCTIONS
_____

TO THE HONORABLE COURT:

COMES NOW Colleen M. McClure, files this her response to Elizabeth Thomas'

Motion for Sanctions  as follows:

I.  OBJECTIONS

A.  OBJECTION TO SERVICE TO STATEMENT

Elizabeth Thomas states that her motion was served on Colleen McClure 31 days

prior to the filing of the motion. [Docket 51]  This statement is not true. Colleen McClure

never received any motions, filings, or communication from Elizabeth Thomas regarding this Motion for Sanctions. Colleen McClure herein objects that service was not tendered at the mailing address of 6046 FM 2920, #425, Spring, Texas which is a postal box at a UPS store, she never received the motion prior to the filing, and prays that the Court sustain her objection and deny the motion for sanctions.

**B. OBJECTION TO TIMELINESS OF MOTION FOR SANCTIONS**

As to the timeliness of a Rule 11 motion, the Eleventh Circuit has analyzed Rule 9011 of the Federal Rules of Bankruptcy Procedure, which is "substantially identical" to Rule 11, and "agree[d] with the Second, Fourth, and Sixth Circuits that the service *and filing* of a motion for sanctions must occur prior to final judgment or judicial rejection of the offending motion." In re Walker, 532 F.3d 1304, 1309 (11th Cir. 2008)(emphasis added)(quotation and citation omitted). This case was dismissed and closed on May 17, 2024, [Docket 48] and the motion is not timely filed as it was filed after the case was dismissed on May 30, 2024, [Docket 51]. Colleen McClure herein objects to the timeliness of the filing of this motion and requests the Court sustain the objection and dismiss the motion.

**C. OBJECTION TO THE MOTION FOR SANCTIONS AS ELIZABETH THOMAS NEVER OBJECTED TO THE STATEMENTS MADE BY COUNSEL AT THE HEARING ON APRIL 6, 2022.**

Movant Elizabeth Thomas produced a transcript which is Docket 51-1 and she interjected into the court proceedings with arguments and testimony. At no time during counsel's statements did she object to the fact that Counsel was not the attorney for Elizabeth Thomas. As she did not object to the testimony at the time of the hearing,

Counsel herein objects to this motion for sanctions due to Elizabeth Thomas' failure to object to the statements made by counsel at the time of the hearing on April 6, 2022. Craig Lee Montz, Trial Objections from Beginning to End: The Handbook for Civil and Criminal Trials, 29 PEPP. L. REV. 243, 246-47 (2002) at 242-51; _Bahamas Agricultural Industries, Ltd. v. Riley Stoker Corp_., 526 F.2d 1174, 1181 (6th Cir. 1975); _Richmond Gas Corp. v. Reeves_, 302 N.E.2d 795, 808 (Ind. Ct. App. 1973) Colleen McClure herein objects to the filing of this motion as Elizabeth Thomas did not object to the statements that Colleen McClure did not represent Elizabeth Thomas at the hearing and requests the Court sustain the objection and dismiss the motion.

## I.      ARGUMENT

1.      Counsel withdrew from representing James Allen and Robert Thomas on all pending cases in Harris County, Texas in November 2023. (See Exhibit "C")

2.      Counsel has worked with Elizabeth Thomas and James Andersen for years on the multiple cases that were filed and pending. (See Exhibits K, N, nd P) Counsel has never represented Elizabeth Thomas. In the lower court case Defendant/Intervenor filed a Motion to Reconsider the February 14, 2019, Summary Judgment Order on March 20, 2019, and set it for hearing on April 16, 2019. At that hearing, Attorney Robert Hakari brought up the issues of a potential conflict of interest. The matter was discussed and heard by Judge Jaclanel McFarland, Harris County Judge for the 133rd Judicial District Court.   The Summary Judgment Order was vacated by Order of the Court on January 31, 2022, with the delay being due to COVID. (See Exhibit Q and R)  There was never an ill

motive nor intention on the part of counsel as Elizabeth Thomas was added into the case with other relevant parties and their counsel.

3.      After the 2019 hearing, all pleadings filing, were filed by Elizabeth Thomas and James Allen Pro Se. (See Exhibit O and U)  As there have been so many pleadings filed, counsel has only selected a few of the filings as an example.

4.      James Andersen and Colleen McClure discussed on the phone and exchanged emails regarding the written acknowledgement that he has always been Elizabeth Thomas' counsel and that Colleen McClure was never her attorney. (See Exhibit C and L) Though counsel had discussed, and all parties knew that there was no representation of Colleen McClure for Elizabeth Thomas, the acknowledgement between James Andersen and Colleen McClure was finally signed in 2019 when it was realized that there were pleadings where James Andersen's name was inadvertently left off the pleadings. Additionally, in the transcript provided, Elizabeth Thomas sat through the entire proceeding and testified. At no time did she object to the testimony, nor did she say that Colleen McClure was her attorney.

5.      Counsel did not represent Elizabeth Thomas in the removal in Cause Number 19-cv-00559. See attached Exhibit M wherein she signed the pleading "pro se" in the removal.

6.      Counsel never entered into a representation agreement with Elizabeth Thomas, verbal nor written. Counsel does not have retainer agreements and never has had retainer agreement with Elizabeth Thomas. Counsel has a fee schedule and works on flat fees per item of work with the fee schedule including all potential work of counsel.

7.      James Andersen has always represented Elizabeth Thomas, including in 2017-76068. Attached are the emails regarding the office conferences, communications, and work with both James Andersen and Elizabeth Thomas. (See Exhibit C) For Elizabeth Thomas to state that she had no idea of the filings is not true.  Not only did she know, but she participated in all filings, and she removed all cases to either federal court or bankruptcy court, including the Southern District of New York.   Further, there has never been a New York address in any of her pleadings.

8.      The Writ that was filed into the Court of Appeals was also a collaboration with James Andersen. (See Exhibit C) Elizabeth Thomas was included in the emails and was present at the office visits. Elizabeth Thomas was fully aware and agreed with the work and filings of Colleen McClure and James Andersen. (See Exhibit S joint letter with James Andersen and Colleen McClure dated December 13, 2018)

9.      The motion filed under cause No. 19-00559  Primary Residential Mortgage et al vs. James Allen et al., which was the second remand case that Elizabeth Thomas refers to.   This was the second removal of the same case mentioned in cause No. 19-cv-00323 Primary Residential Mortgage et al vs. James Allen et al.   In this motion for relief from judgment filed by Elizabeth Thomas,  The Honorable Judge Hittner has already denied that case and issued a warning against the moving parties.   (See Exhibit I). Additionally,   though Elizabeth Thomas claims to know nothing about the removal, she not only jointly signed the removal documents, but she also signed  declaration. (Exhibits E and M)

10.     As to the testimony, it was the truth. Counsel has not represented Elizabeth Thomas, only James Andersen has represented her. (See Exhibit C - V) The acknowledgement between James Andersen and Colleen McClure was finally signed in 2019 when it was realized that there were pleadings where James Andersen's name was inadvertently left off the pleadings. Additionally, in the transcript provided, Elizabeth Thomas sat through the entire proceeding and testified. At no time did she object to the testimony, nor did she say that Colleen McClure was her attorney. Elizabeth Thomas listened to the statements made by counsel and agreed with the same. When Elizabeth Thomas was added as a party in the lower case, there were other active parties in the case. There was no ill intent when she was sued as a Defendant.  The motion for summary judgment was filed on November 30, 2018, there were multiple attorney's and parties to the case. Elizabeth Thomas was added to the case as the issues presented in the foreclosure pertained to documents that only Elizabeth Thomas had in her possession. Those documents were received in the Motion for Summary Judgment that was filed by Elizabeth Thomas. Counsel has never had any of those documents in her possession. Counsel has never had any of Elizabeth Thomas documents in her possession except for the documents that she has filed in the case nor has been provided by James Andersen. Counsel followed the requests of her clients in not responding. The other parties to the case could have opposed the motion for summary judgment or even filed an answer, but they did not.    A continuance of the submission date was requested but still no answer was filed to Thomas' Motion for Summary Judgment. (See Exhibit K) There was no concealment nor ill motive on the part of counsel. Counsel has never represented

Elizabeth Thomas and after the repeated threatening emails that she has sent counsel from claiming she was having an affair with a potential client, colluding with opposing counsel John Burger, to threatening with disbarment, threatening to publish a derogatory website, filing a class action lawsuit against her, going to Fox News to state what a bad attorney she is, so therefore would never be a feasible attorney/client relationship.  (See Exhibit F)

11.     Counsel did not deny communications with Elizabeth Thomas, as there were communications as the parties did co-author pleadings. The threats, berating and belittling that she thrust upon both Colleen McClure and James Andersen would make it impossible to have a friendly relationship with her. Counsel has heard her call James Andersen an idoit, brain dead, horrible attorney, belittling comments, and has heard her say that he needs to be disbarred.    Elizabeth Thomas has told Colleen McClure that she is a horrible attorney, needs to be disbarred, and she feels sorry for her clients.  All the while when she said these things, knowing that she was never a client of Colleen McClure.

12.     Elizabeth Thomas is mad because Albert Perry, Catrice Henry and Alvin Mullens nonsuited their claims in related cases. She has been threatening Colleen McClure since then. (See Exhibit F) Upon acknowledging the receipt of the response to her motion filed before Judge Hittner, she threatened to publish a website against Colleen McClure making all sorts of slanderous and false statements about counsel. Elizabeth Thomas has a vengeance she is pursuing, and she is not telling the truth.

13.     All exhibits are incorporated herein to support the arguments presented herein.

## II.     AUTHORITIES

This motion for sanctions was filed for an improper purpose under both Federal Rules of Civil Procedure 11 and under Bankruptcy Rule 9011(c)(1). See Fed.R.Civ.P 11(b)(1) (describing an "improper purpose" to include harassment)."   _Claudet v. First Federal Credit Control, Inc_., 14-CV-2068 (M.D. Fla. Nov. 17, 2015)   Elizabeth Thomas has filed this motion merely to harass and harm counsel. Elizabeth Thomas was present at the hearing on April 6, 2022.   She heard all statements made by Colleen McClure and did not object, nor say that her statements were not true. Fastfoward two years later to 2024, after Colleen McClure withdrew from representing Robert Thomas, James Allen, and Elizabeth Thomas with a recognized order that James Andersen was her attorney and after the other parties Alvin Mullens, Albert Perry and Catrice Henry cases were nonsuited, Elizabeth Thomas files this motion, and the motion denied before Judge Hittner.   (See Exhibit I).   She also filed this motion after she removed another case to federal court and was sanctioned and agreed to nonsuit a party to that other lawsuit. The only way she can undo the sanctions, along with the foreclosure on her home, is to blame Colleen McClure for making false allegations and claims in order to reverse other decisions and hopefully get her home back.   This is all a game to her, and she is not presenting accurate evidence before the Court.   She has already been declared to be a vexatious litigant. [Docket 52] Elizabeth Thomas along with the other listed parties are restrictions on their filings in

Harris County based upon her actions.   All of which happened after counsel withdrew from all State Court case.

 What benefit would Elizabeth Thomas gain in filing this motion? Not the sanctions, but rather an Order finding that the pleadings were filed without her knowledge, thus opening up the door to setting aside those previous orders in State Court.   (See Exhibits A-W)   Then she can move forward with her cases all based upon the lies set forth in her motion, all in hopes of reversing the Judgment in the 80th District Court under cause number 202035780 and getting her home back.   In  re-examining her filings, she choose to attack Colleen McClure the cases in which sanctions and restrictions on filings (including removals) were imposed against Elizabeth Thomas.   If she would be successful, then she would move forward with reversing those orders.   All of these filings validate the Vexatious Litigant Order, along with the importance of enforcing the order. [Docket 52]

 First, she has filed multiple pro se pleadings in all cases throughout the terms of the cases, even though she alleges that Colleen McClure represented her. She has filed her own pro se appeals, filed removals, filed bankruptcies, filed removals into bankruptcy, including taking other parties into her bankruptcy as codebtors.  (See Exhibit H)  For her to claim she had no idea of filings and proceedings is a clear lie to the court. Not only is the motion a lie, but she falsely states that she sent the motion to Colleen McClure to correct her statements as is required under the rules, but she **_never did_** and counsel **_never_** received this motion until it was filed with the Court.   This was all done subversive with the intent to obtain sanctions under false pretenses.

The pleadings filed in any of the cases were not for improper purposes and authorized as well as worked on jointly by James Andersen and Elizabeth Thomas. (See Exhibits A-W)  "Rule 11 authorizes a court to sanction a party who submits a pleading for improper purposes." *Smith v. Psychiatric Sols, Inc.*, 750 F.3d 1253, 1260(11th Cir. 2014) [24 Fla.L. Weekly Fed. C1207a] (citing Fed.R.Civ.P. 11(b)(1))   There was no pleading that was filed for an improper purpose.  At the time of the hearing on April 6, 2022, counsel knew there was a signed acknowledgement between James Andersen and Colleen McClure at the time she provided her answers to the Judge's questions.  All answers were true and correct that James Andersen represented Elizabeth Thomas.  (See Exhibit D)  Also, at the time of the hearing on April 6, 2022, the 133rd Court had set aside the February 14, 2019, Summary Judgment Order, correcting that matter.  (See Exhibits Q and R)  There was no further need to do anything, except provide the Court with James Andersen and Colleen McClure's acknowledgment. (See Exhibit D)

Counsel's answers to the Judge's questions in court were grounded in fact as there was an acknowledgment that was signed by counsel, James Andersen and Colleen McClure. (See Exhibit D)  Further, there are email correspondence between counsel that show that James Andersen not only read and agreed to the acknowledgment but made some changes to it.  (See Exhibit D).   When counsel stated she was not Elizabeth Thomas' attorney, it was a good faith statement and grounded in the agreement as it was discussed and acknowledged as the facts between counsel. *Wold v. Minerals Eng'g Co.*, 575 F.Supp. 166, 167 (D.Colo. 1983) (sanctions imposed for failure to conduct an inquiry that would have disclosed absence of a factual and legal basis for a motion to disqualify

counsel).  Further, the email correspondence between counsel, which included Elizabeth

Thomas, further illustrates the meetings, and working agreement between the parties.

Elizabeth Thomas has not shown that there was improper motive on the part of

Colleen McClure, nor that she did anything that would warrant sanctions.   She filed this

motion over two years after she participated in a hearing and did not object nor file any

motion until after Colleen McClure withdrew from representing Robert Thomas and

James Allen on all cases.

Elizabeth Thomas has not shown that she has suffered any concrete injuries due to

the statements made by Colleen McClure at the April 6, 2022 hearing.

### III.      PRAYER

WHEREFORE, Colleen M. McClure prays that the Court deny Elizabeth Thomas

Motion for Sanctions, sustain the objection to the certificate of service, sustain the

objection to the timeliness of the filing of the motion, sustain the objection as to

Elizabeth Thomas failing to object to the statements of Colleen McClure at the hearing

and deny his Motion for Sanctions within the motion,  and for whatever further the court

deems just and proper in the premises.

Respectfully submitted,

**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**

By: _/s/ Colleen M. McClure_
**COLLEEN M. MCCLURE**
Texas Bar No. 24012121
6046 FM 2920, #425
Spring, Texas, 77379
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above foregoing Response has been sent to Elizabeth Thomas via email and mail on June 27, 2024.

*/s/ Colleen M. McClure*
**COLLEEN M. MCCLURE**