UNITED STATES BANKRUPCTY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT L. THOMAS  *et, al.*
        Plaintiffs,                          ADVERSARY No.22-03024

Vs.

ELIZABETH THOMAS  et al.,
        Defendants

---

**REPLY TO ATTORNEY COLLEEN M. MCCLURE
OBJECTION TO MOTION FOR SANCTIONS**

**TO THE HONORABLE JUDGE MARVIN ISGUR U.S.B.J.**

Comes now, Elizabeth Thomas (the "Defendant") files this Reply to Attorney Colleen M. McClure Objection for Motion for Sanctions' for knowingly making material false or misleading statements before this Court pursuant to Federal Rule of Bankruptcy Procedure 9011—bankruptcy's analogue to Civil Rule 11, and its inherent sanctioning authority as this Motion was served upon McClure more than 31 days prior to the filing of this motion other relief that the court deemed appropriate and for cause shows the Court as follows:

        1.        **MOTION FOR SANCTIONS**

A. **Making False or Misleading Misrepresentations Statements before the Court**

On March 22, 2022, Attorney McClure appeared at a hearing before the Court in representation of Robert L. Thomas and James Allen. At the hearing the Honorable Judge Marvin Isgur U.S.B.J., question McClure as to whether or not she had ever represent Elizabeth Thomas. McClure response to the court was no she has never represented Elizabeth Thomas. Some relevant portions of the hearing is reduced below in pertinent part:

| | |
|---|---|
| **THE COURT**: | I have two other issues I want to address from Ms. McClure, I understand from a pleading that you have also represented Ms. Thomas, and I want to know how you can be adverse to her in this case? |
| | You've never been her lawyer? |
| **MS. MCCLURE**: | No, Your Honor. Keith Anderson has always been her lawyer. |
| **THE COURT**: | You've never been her lawyer? |
| **MS. MCCLURE**: | No. I have not, Your Honor. |
| **THE COURT**: | Okay. Have you had any correspondence with her in the last year? |
| **MS. MCCLURE**: | Outside of the pleadings that have been filed in the cases and in the bankruptcy because I have talked to her Trustee and her attorney. |
| **THE COURT**: | But her? Have you talked to her? |
| **MS. MCCLURE**: | Not personally, Your Honor, |

*See*: **Exhibit** 1   pg. 14.

When Attorney McCllure made the above-mention statements before the court she knew that they were false and misleading statements when in fact Attorney McClure was simultaneously suing Elizabeth Thomas and representing her at the same time without her knowledge or consent.

1. **The evidence supports that McClure alone represented Thomas in the 127th District Court Cause No. 2017- 76078 now pending in the 333rd District Court**

On November 11, 2023, Attorney McClure filed an "Amended Motion For Withdrawal of Counsel" in the case styled as *James Allen et, al. vs. MTH Lending Group L.P.et al, ,* in the 333rd District Court Harris County, Texas and represented to the Court that she has **not** represented Elizabeth Thomas in cause No. **2017-76078**, but is shown as of record. *See*: **Exhibit** 2.

Attached to Attorney McClure, "Amended Motion For Withdrawal of Counsel" is a altered and forged alleged "Representation Agreement and Acknowledgment Agreement" dated June 27, 2028, for which Attorney James M. Andersen allegedly agreed that he solely represented Ms. Thomas in cause No. **2017-76078**. *See*: **Exhibit** 3.

Attorney James M. Andersen, has since filed a objection Attorney McClure, "Amended Motion For Withdrawal of Counsel" as to Elizabeth Thomas has Andersen has repeatedly advised McClure that he cannot sign "Representation Agreement and Acknowledgment" stating that he represented Elizabeth Thomas in the case styled as Allen vs. MTH Lending Group LP under cause No. 2017-76078 as it would be materially false. Andersen never filed a notice of appearance on behalf of Thomas, never filed a single pleading or counseled or given Thomas legal advice and denies that the signature on the. "Representation Agreement and Acknowledgment" is his. *See*: **Exhibit** 4.

Instead since on or about October of 2018, McClure has without Elizabeth Thomas knowledge or consent been representing her in cause No. 2017- 76078.  In the year of 2017, Thomas entered into a limited retainer agreement with McClure which agreed to allow her to add Thomas as a plaintiff/representative to the case under cause No. 2017- 76078 for which McClure filed as a Class Action.  After the cause No. 2017- 76078 was removed to Thomas bankruptcy in New York in later part of the year of 2018 Thomas terminated her retainer agreement with McClure and hired a attorney in New York.

Attorney McClure is now claiming to have never represented Thomas in an attempt conceal the fact that McClure has been representing Thomas without her knowledge or consent.  On October 29, 2018, McClure filed the most unprofessional Third Amended

Petition as counsel for Elizabeth Thomas without her knowledge or consent that not even a first year law student would have filed. . *See*: **Exhibit** 5.

According to the 333rd District Court Docket McClure has signed numerous motions, amended petitions, responses to opposing counsel motions and other pleadings before the Court for years as Elizabeth Thomas counsel of record without her knowledge or consent. No other attorney has ever filed into the case as counsel of record for the plaintiff other than McClure.. *See*: **Exhibit** 6.

> 2. **In Attorney McClure Response She Does not Deny that she Represented Thomas before the First Court of Appeals of Houston**

On July 3, 2018, McClure as counsel for Elizabeth Thomas filed a "Petition for Writ of Mandamus" in the First Court of Appeals entitled ***Elizabeth Thomas, et., al***., from an Original Proceeding under cause No. 2017-76078 from the 127th Judicial District Court, Harris County, Texas, under Cause No. 01-18-00580. *See*: **Exhibit** 7

Indeed Attached to the July 3, 2018, "Petition for Writ of Mandamus" is McClure verification wherein "***swears under oath and certifies***" before the Court that "she is the attorney representing Relators Elizabeth Thomas et al, in this original appellate proceeding. I have been counsel of record representing Relators in the proceedings in Cause No. 2017-76078 in 127 the District Court, Harris County, Texas."

According to the First Court of Appeals docket sheet Attorney McClure signed and filed various motions, pleadings and other documents before the Court as Elizabeth Thomas counsel of record and this representation was without her knowledge or consent. *See*: **Exhibit** 8.

> 3. **In Attorney McClure Response She Does not Deny that she Represented Thomas before the Fourteenth Court of Appeals of Houston**

On July 2, 2018, Attorney McClure filed a "Petition for Writ of Mandamus" in th Fourteenth Court of Appeals entitled ***Elizabeth Thomas, et. al.,*** from an Original Proceeding

under cause No. 2017-82388, from the 127th Judicial District Court, Harris County, Texas under Cause No. 14-18-00539. *See:* **Exhibit** 9..

On July 2, 2018, Attorney McClure signed the writ as counsel for Elizabeth Thomas and and certified to the Fourteenth Court of Appeals of Houston under Rule 52,3(J) that she has have reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.

Indeed Attached to the July 2, 2018, "Petition for Writ of Mandamus" is verification wherein Attorney McClure "*swears under oath and certifies*" before the Court that she is the attorney representing each of the Relators i **Elizabeth Thomas** et al., n this original appellate proceeding

On July 11, 2018, Attorney McClure filed a Motion for Sanctions and attached to this Motion is a Affidavit were McClure swears under oath that she serve as **counsel** for each of the Relators including **Elizabeth Thomas**. Some relevant portions of the affidavit are reproduced below:

> McClure, who having been duly sworn upon oath deposes as follows:
> 1. My name is Colleen M. McClure. I am over the 18 years of age, of sound mind and competent to make this affidavit. I am an attorney and serve as counsel for each of the Relators in the above-reference proceeding.

*See* **Exhibit** 10.

According to the Fourteenth Court of Appeals of Houston docket Attorney McClure signed and filed various motions, pleadings and other documents before the Court as Elizabeth Thomas counsel of record and this was without her knowledge or consent. *See*: **Exhibit** 11.

**4. In Attorney McClure She Does Not that She Represented Thomas before the Texas Supreme Court**

On July 13, 2028, Attorney McClure filed a "Petition for Writ of Mandamus" in the Texas Supreme Court entitled *<u>Elizabeth Thomas, et. al.</u>*, under cause No. 18-0639. *See*: **Exhibit 1**2.

Attached to the July 2, 2018, "Petition for Writ of Mandamus" is verification wherein Attorney McClure swears under oath and certifies before the Court that she is the attorney for Elizabeth Thomas, James Allen, Roberto Perez and Maria Dejesus Perez in this case.

According to the Texas Supreme Court docket Attorney McClure signed and filed the "Writ of Mandamus," various motions, pleadings and other documents before the Court as Elizabeth Thomas counsel of record without her knowledge or consent. *See*: **Exhibit** 13.

These are just one of the numerous examples of McClure egregious misconduct of making false and misleading statements before the Court and representing individuals without their knowledge or consent forging their names documents. McClure egregious misconduct has caused the Movant damages for example on October 29, 2018, McClure fraudulently filed a outlandish unprofessional "Third Amended Petition" in the Movant name without her knowledge or consent. The petition makes false allegations against all the defendants. See **<u>Exhibit</u>**-14.

5. **Communications within the Last Year**

On March 22, 2023, the Court inquire from McClure is she has spoken to the Movant within the last year and McClure responded Not personally, Your Honor, when in fact MacClure spoke to the Movant the very same on her way to the hearing.

### ARGUMENT AND AUTHORITIES

1. **This court retained jurisdiction to issue sanctions under Rule 11 following closure of the main case**

This Motion raises a jurisdictional issue and involves single distinct questions: (1) whether a district court retains jurisdiction to impose sanctions after closing the main

case? The answer is *yes*.

The U.S. Supreme Court itself has spoken on this issue. In <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 389-90 (1990), the district court granted the defendants' Rule 11 motion more than ***three years*** after the plaintiff had voluntarily dismissed the case. On appeal, the Supreme Court stated that "a voluntary dismissal does not expunge the Rule 11 violation," and "a court must have the authority to consider whether there has been a violation of [Rule 11] regardless of the dismissal of the underlying action." Id. at 395. The Court noted that "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending" and that "[t]he filing of complaints, papers, or other motions without taking the necessary care in their preparation or lack of authorized representation is a separate abuse of the judicial system, subject to separate sanction." Id. at 395, 398.

Two years later the Court reached a similar conclusion in <u>Willy v. Coastal Corp.</u>:

> [Although a] final determination of lack of subject-matter jurisdiction of a case in a federal court . . . precludes further adjudication of it[,] . . . such a determination ***does not*** automatically wipe out all proceedings had in the district court at a time when the district court operated under the misapprehension that it had jurisdiction.

503 U.S. 131, 137 (1992). Citing <u>Cooter & Gell</u>, the Court reiterated that Rule 11 sanctions are "collateral to the merits" of an action and that "[t]he interest in having rules of procedure obeyed . . . does not disappear upon a subsequent determination that the court was ***without subject-matter jurisdiction***." Id. at 137, 139. Several appeals courts have relied on Willy, along with <u>Cooter & Gell</u>, in holding that district courts maintain jurisdiction after remand to order Rule 11 sanctions. E.g., <u>Bryant v. Britt</u>, 420 F.3d 161, 164

(2d Cir. 2005) (per curiam) (citing <u>Willy</u>, 503 U.S. at 137-38); <u>Lazorko v. Pa. Hosp</u>., 237 F.3d 242, 247 (3d Cir. 2000) (citing <u>Willy</u>, 503 U.S. at 139)

This court retained jurisdiction to sanction Attorney McClure for knowingly making false and misleading statements before this Court and for refusing to correct those statements prior to the filing of this Motion.

2. **McClure *Knowingly* False and Misleading Statements before the Court Warrants Sanctions.**

Again on April 4, 2024, the Movant mailed a copy of this motion to McClure at the address of 6046 FM 2920 , #425 Spring, Texas 77379. The procedures for filing a Bankruptcy Rule 9011 motion for sanctions are specific so as to provide the respondent adequate notice of the motion and an opportunity to resolve the offending pleading before suffering sanctions. Here the first condition has been met Bankruptcy Rule 9011(c)(1). Bankruptcy Rule 9011(c) requires that, prior to the filing of a motion for sanctions, 21 days notice of the motion must be given to the respondent, so the respondent has an opportunity to correct whatever mistakes have been made. The courts refer to this 21-day period as the "safe harbor period."

Despite the Movant giving McClure more than 21 day opportunity to correct the problem, McClure refuses to correct the problem.

Fed. R. Bankr. P. 9011(b)(1)-(4) a requirement that the representations an attorney makes to the court, as well as the conduct he or she engages in, are not frivolous or being done for an improper purpose of concealment can be sanction for bad faith conduct, intended to deceive the court and the Movant.

11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); <u>Caroll v. Abide</u> (In re Carroll), 850 F.3d 811, 815 (5th Cir. 2017) ("[A] bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code.") (internal quotations omitted).

Under the Texas Disciplinary Rules of Professional Conduct, a : (a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel;

### *Attorney McClure Misleading Statements*

On March 22, 2023, Attorney McClure made false and misleading statements before the court and those statements were made in violation of Rule 9011(b). As detailed above on March 22, 2023, when Attorney McClure stated before the court that she had never represented the Movant she ***knew*** that this statement was false and misleading when it was made. Additionally when the Court inquired as to whether McClure had spoken to the Movant within the last year and McClure responded not personally she must have known were false or misleading at the time they were made Movant in particular,  asks that the Court make a specific finding that Attorney McClure knowingly and in bad faith made false and misleading statements before the Court that warrants sanctions  and said findings also be distributed to Texas State Bar.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Elizabeth Thomas prays that the Court grant this Motion for the reasons detailed above and moves the Court to (i) deny McClure objections for sanction (ii) sanction Attorney Colleen M. McClure by imposing monetary sanction; and (iii) referring McClure to the Texas State Bar, and for any such further relief the court deems proper and just.  .

                                         Respectfully submitted,

                                         /s/*Elizabeth Thomas*
                                         Elizabeth Thomas Pro, Se
                                         712 H Street NE  #2487
                                         Washington, DC 20002
                                         346-818-0862
                                         Tethomas3@aol.com

## CERTIFICATE OF SERVICE

     I certify that on July 3, 2024, the foregoing document was served on Attorney Colleen M. McClure counsel of record via the Court's CM/ECF system or First Class U.S. Mail.

                                         /s/*Elizabeth Thomas*
                                           Elizabeth Thomas Pro, Se